968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Heulon PERRIN, Jr., Plaintiff-Appellant,
v.
XELCO, INC., Defendant-Appellee.
 No. 91-1299.
 United States Court of Appeals, Tenth Circuit.
 June 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Heulon Perrin, Jr. filed a complaint against Xelco, Inc. (defendant) in the federal district court in Colorado alleging jurisdiction under 28 U.S.C. § 1343. For his cause of action plaintiff simply declared that "statement in Exhibit 1, p 3 indicates slander on the part of defendant" (referencing a pleading filed by defendant in a state court action). I R. tab 2. The district court dismissed the action before requiring an answer, on grounds that it was frivolous within the contemplation of 28 U.S.C. § 1915(d) and Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 3
 We are in full agreement with the district court that plaintiff has not stated a claim cognizable under 28 U.S.C. § 1343 or under 42 U.S.C. § 1983. There is no allegation that defendant acted under color of state law, and indeed it appears that defendant is not a state actor. The tort of slander is not cognizable under the civil rights laws either. Plaintiff's own complaint indicates there is no diversity jurisdiction, as it recites that both parties are residents of Colorado. The district court properly dismissed the action as frivolous.
 
 
 4
 Defendant's brief requests sanctions against plaintiff for his having filed a frivolous appeal; defendant argues that it is entitled to recover its costs and expenses including attorney's fees. Plaintiff had an opportunity to respond in the form of a reply brief but did not. We are lenient as to plaintiffs representing themselves, but even such a person must be held to some standard to discourage the filing of ridiculous lawsuits that require defendants to incur costs to defend and take up court time unreasonably. See Fed.R.App.P. 38 ("If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."). We grant defendant's request for sanctions to the extent of requiring plaintiff to pay five hundred dollars to defendant to cover a portion of its attorney's fees and costs. It is so ordered.
 
 
 5
 The judgment is AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3